IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-394-FL

| | |
|---|---|
| DARRELL KEITH WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On February 19, 2015, plaintiff applied for supplemental security income, alleging disability beginning October 3, 2013. The claim was denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after a May 4, 2017, hearing, denied plaintiff's claim by decision entered October 5, 2017. Following the ALJ's denial of the claim, plaintiff timely requested review, and the Appeals Council denied plaintiff's request for

review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on August 8, 2018, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 19, 2015, the application date. At step two, the ALJ found plaintiff had the following severe impairments: "degenerative disc disease; chronic obstructive pulmonary disease (COPD); hypertension; mild ischemia; major depressive disorder; and anxiety disorder." (Tr. 83). At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the following residual functional capacity ("RFC"):

> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) in that he can lift and carry ten pounds frequently and twenty pounds occasionally, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. However, he requires a sit/stand option at 45 minutes intervals throughout the workday. Further, he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. He should also avoid concentrated exposure to moving machinery, hazardous machinery, and unprotected heights. Furthermore, the claimant can perform simple routine repetitive tasks, with only occasional interaction with the general public, coworkers, and supervisors.

(Tr. 87). At step four, the ALJ concluded plaintiff had no past relevant work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

4

B.   Analysis

Plaintiff argues in his objections that the ALJ erred in 1) failing to consider properly plaintiff's back impairment and pain in determining RFC, and 2) failing to consider plaintiff's need for a cane in determining RFC. The magistrate judge cogently addressed both arguments, (see M&R 8-11, 13-16), as well as additional arguments raised by plaintiff. (Id. 11-12, 16-19). Upon de novo review of arguments raised in plaintiffs' objections, the court adopts the M&R as its own.[1] The court writes separately to augment the analysis in the M&R.

Plaintiff argues that the ALJ failed to consider properly a May 23, 2016, MRI, and a 2017 cervical x-ray. The ALJ, however, discussed both examinations in her opinion, recognizing accurately that the MRI "showed degenerative marrow changes at L3-4, mildly diminished disc space at L2-L4, and mild to moderate central canal and neural foraminal stenosis at L2-L5," and that the x-rays taken in 2017 "showed evidence of osteoarticular abnormality in the cervical spine, disc degeneration at C4-C6, and disc space narrowing at L2-L5." (Tr. 88; see Tr. 604-608; 713). However, the ALJ explained, "these diagnostic imaging[s] also showed normal vertebral alignment, nonpathologic vertebral body stature, unremarkable paravertebral soft tissue, and no fractures, dislocation, or significant listhesis." (Tr. 88). The ALJ also cited accurately physical examinations that "showed largely normal back and musculoskeletal findings including normal spine alignment, normal range of motion, normal strength, negative straight leg raise, and no swelling, deformity or focal bony tenderness," along with "normal motor and sensory functioning." (Id.).

---

[1] With respect to remaining issues addressed in the M&R, upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of these issues, including cardiovascular and respiratory symptoms, as well as mental health symptoms.

Plaintiff also suggests that the ALJ did not adequately take into account that plaintiff "still has pain in spite of medications." (Pl's Obj. 5). The ALJ, however, did not rest her decision on a finding that plaintiff was pain free in all circumstances. Rather, the ALJ noted that plaintiff's "back pain has been effectively treated with medications," and "controlled with medications," and that "his current treatment has improved his quality of life by reducing his pain." (Tr. 90). "If a symptom can be <u>reasonably controlled</u> by medication or treatment, it is not disabling." <u>Gross v. Heckler</u>, 785 F.2d 1163, 1166 (4th Cir. 1986) (emphasis added). Medical records, for example, describe plaintiff as "feeling better" with medication, (Tr. 646), that "current treatment has improved quality of life through reduced pain," and that "pain is better with the medication [than] it is without the medication; better ability to perform household chores; better sleep; improved sense of well-being; general improved functioning." (Tr. 712).

Finally, plaintiff argues that the ALJ "did not consider the need for a cane when determining RFC." (Pl's Obj. 5). This argument is flawed in two respects. First, the medical evidence does not support plaintiff's assertion of a "need for a cane." (<u>Id.</u>). Plaintiff does not cite any medical records or treatment notes citing need for use of a cane. To the contrary, examination records reported that plaintiff "ambulates without significant difficulty" and "independently ambulatory." (<u>E.g.,</u> Tr. 466, 519). Second, the ALJ did consider plaintiff's testimony that he uses a cane to ambulate, but the ALJ weighed this testimony against evidence plaintiff's performance of household chores and the aforementioned treatment notes. (Tr. 90).

In sum, substantial evidence supports the RFC determination of the ALJ, and the ALJ sufficiently discussed conflicting evidence in the record for the court to discern an "accurate and

6

logical bridge from the evidence to [the ALJ's] conclusion." <u>Monroe</u>, 826 F.3d at 189. Therefore, plaintiff's objections must be overruled.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 26) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 20th day of September, 2019.

LOUISE W. FLANAGAN
United States District Judge